## Maticic v. Abbott

*Harry Costello*, for plaintiff.

*Anthony W. Wallace*, for defendant.

FLANNERY, J., May 23, 1950.—Plaintiff sued for overpayment of rent collected in violation of the Housing and Rent Act of 1948 and obtained a judgment for $252, being treble damages as provided by that law. Subsequently a motion for a new trial was refused by the court en banc.

Plaintiff's counsel then petitioned for an allowance of counsel fees, as provided in the act, and the trial court, using the Luzerne County Bar Association fee schedule as a guide, awarded the sum of $500. Exceptions were taken to that award, were argued before the full court, and are now before us for determination.

The court is unanimously of the opinion that we were overgenerous in our allowance for counsel fees and, accordingly, we find a reduction is in order.

In arriving at this conclusion we are not unmindful of the able and conscientious work of counsel for plaintiff but we are persuaded that the attorney fees should be more in proportion to the amount recovered and more in line with the precedents which have been established in similar proceedings under the same legislation. It is true that the statute is penal in character but the penalty lies in the treble damages rather than the attorney fee which, in amount, should be the fair and reasonable value of the services rendered. In arriving at the fair and reasonable value of the services rendered it would appear at first sight that the bar association schedule should be the guide. But this is not the sole guide and while under ordinary circumstances we would accept it without qualification, this yardstick must yield to the exigencies of the situation in this particular case.

As pointed out in the Canons of Professional Ethics, paragraph 12, page 11 (adopted by the American Bar Association, October 1948):

"In fixing fees, lawyers should avoid charges which overestimate their advice and services, as well as those which undervalue them. A client's ability to pay cannot justify a charge in excess of the value of the service, though his poverty may require a less charge, or even none at all. The reasonable requests of brother lawyers, and of their widows and orphans without ample means, should receive special and kindly consideration.

"In determining the amount of the fee, it is proper to consider: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) whether

the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed or will involve the loss of other employment while employed in the particular case or antagonisms with other clients; (3) the customary charges of the Bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client. No one of these considerations in itself is controlling. They are mere guides in ascertaining the real value of the service.

"In determining the customary charges of the Bar for similar services, it is proper for a lawyer to consider a schedule of minimum fees adopted by a Bar Association, but no lawyer should permit himself to be controlled thereby or to follow it as his sole guide in determining the amount of his fee.

"In fixing fees it should never be forgotten that the profession is a branch of the administration of justice and not a mere money-getting trade."

The fee allowed, therefore, will be reduced to the sum of $200 which, in the light of the amount recovered, the intricacy of the pleadings, the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause, seems to the court to be fair and reasonable compensation for counsel.

Wherefore, now, May 23, 1950, the exceptions to the allowance of counsel fees are sustained and it is ordered and directed that the sum of $200 shall be allowed as reasonable fees in accordance with the provisions of the emergency price control legislation.